**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| FRED WEIL, | ) | |
| | ) | No. 2:12-cv-00856-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| B. CRAIG KILLOUGH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on plaintiff's motion to remand and defendant's motion to dismiss. For the reasons set forth below, the court denies the motion to remand and grants the motion to dismiss.

## I. BACKGROUND

On February 9, 2012, plaintiff Fred Weil filed suit in state court against defendant B. Craig Killough, an attorney, for legal malpractice. On March 26, 2012, Killough filed a notice of removal based on federal patent jurisdiction and also moved to dismiss Weil's complaint for failure to file an expert report. Weil filed objections to the notice of removal on April 6, 2012, and also responded to Killough's motion to dismiss.

The complaint alleges as follows: Weil designed a patent for a "revolutionary" outdoor cooking grill and, on March 10, 1993, met with Killough to discuss securing a patent on the grill. State Ct. Compl. ¶¶ 3-4. Weil made known to Killough that, as an American citizen but native Argentinian, he had "limited proficiency" in English and needed "special assistance." Id. ¶ 5. The parties discussed the possibly of Killough becoming Weil's power of attorney (POA)

1

because of Weil's limited proficiency in English and concerns about the complexity of patent law.  Id. ¶ 11.

Killough proposed that Weil pay a $1000 retainer for prosecution of the patent, and Weil sent the check on March 23, 1993.  Id. ¶¶ 6-7.  Weil then executed a POA form that appointed Killough to "prosecute this application and to transact all business in the USPTO connected therewith."  Id. ¶¶ 12-13; id. Ex. B.  The patent application was filed with the U.S. Patent and Trademark Office (PTO), which subsequently issued the patent on November 15, 1994.  Id. ¶¶ 8-9.

The PTO requires patent holders to pay maintenance fees on their patents at certain times.  Id. ¶ 16.  For Weil's patent, Killough was the named addressee for maintenance fee reminders sent by the PTO.  Id. ¶ 17.  In October 1997, Killough received a notice regarding a 3.5 year maintenance fee.  Id. ¶ 18.  Killough sent two letters to Weil, informing Weil that the maintenance fee was due, and Weil forwarded the appropriate funds.  Id. ¶¶ 19-22.

In June 2002, Killough received a notice from the PTO regarding a 7.5 year maintenance fee.  Id. ¶ 23.  Killough did not notify Weil of the 7.5 year fee; as a result, the PTO terminated Weil's patent on November 15, 2002.  Id. ¶¶ 24-25.  The PTO also notified Killough of the patent's expiration on December 18, 2002, but Killough did not inform Weil, despite seeing him in person.  Id. ¶ 26.

Weil attempted to solicit business relating to his patent in 2011, thinking that his patent was still active.  Id. ¶ 27.  He learned in July 2011 that the patent had expired and made an unsuccessful petition to the PTO to reinstate it.  Id. ¶¶ 28-30.  Weil then brought suit in state court against Killough for "[l]egal malpractice under

the South Carolina Rules of Professional Conduct and the four-prong test outlined by the South Carolina Court of Appeals in *McNair v. Rainsford*, 330 S.C. 332, 499 S.E.2d 488 (Ct. App. 1998))," seeking actual and punitive damages.

## II.   DISCUSSION

### A.  Motion to Remand

Weil moves to remand this case to state court.  Killough's removal is predicated on jurisdiction under 28 U.S.C. § 1338(a), which grants district courts original jurisdiction over federal patent disputes.  Weil claims that remand is necessary because his sole cause of action for legal malpractice is based on South Carolina law and does not implicate matters of federal law.  Pl.'s Mot. Remand 2.

The party removing an action bears the burden of demonstrating that jurisdiction properly rests with the court at the time the notice of removal is filed. See Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). Courts are obligated to "construe removal jurisdiction strictly because of the 'significant federalism concerns implicated.'"  Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (quoting Mulcahey, 29 F.3d at 151).  If there is any doubt regarding the existence of federal jurisdiction, the case should be remanded. Md. Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 260 (4th Cir. 2005).

To remove an action filed in state court to federal court, the action must be within the original jurisdiction of the district court.  See 28 U.S.C. § 1441.  District courts have original jurisdiction over certain patent disputes.  Under 28 U.S.C. § 1338(a), "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents . . . ."  When a civil action "arises

3

under" an Act of Congress relating to patents, the action "may be removed to the district court of the United States for the district and division embracing the place where the action is pending." Id. § 1454(a).

The determination of federal patent jurisdiction under 28 U.S.C. § 1338(a) is governed by the "well pleaded complaint" rule that normally applies to jurisdiction determinations under § 1331. Under this rule, federal jurisdiction is established when the face of a properly pleaded complaint asserts a substantial question of federal patent law. In Christianson v. Colt Industries Operating Corp., the Supreme Court set forth a two prong test for establishing jurisdiction under § 1338(a). Under this test, federal jurisdiction extends

> *only* to those cases in which a well-pleaded complaint establishes either that [1] federal patent law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.

486 U.S. 800, 808-09 (1988) (emphasis added). The Court in Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308 (2005), refined the test by requiring that the state law complaint "necessarily raise a federal issue, actually disputed and substantial, which a federal forum may entertain without disrupting any congressionally approved balance of federal and state judicial responsibilities." Id. at 313.[1]

---

[1] The Court in Christianson "grafted § 1331 precedent onto its § 1338 analysis and equated the statutory 'arising under' standard under § 1338 for patent cases with that established for claims invoking general federal question under § 1331"; thus, while Grable generally addressed the standard for establishing federal question jurisdiction, it governs the court's analysis in this case. Lab. Corp. of Am. Holdings v. Metabolite Labs., Inc., 599 F.3d 1277, 1282 (Fed. Cir. 2010).

Here, the first prong of the Christianson test is not at issue because Weil's cause of action for legal malpractice is not created by federal patent law. See Def.'s Resp. 1-2 ("Plaintiff's cause of action for legal malpractice is unquestionably a state law claim."). Thus, under the second part of the Christianson test, the court must consider Killough's contention that Weil's state law cause of action for legal malpractice necessarily raises a substantial issue of federal patent law. In South Carolina, there are four elements to a claim for legal malpractice: "(1) the existence of an attorney-client relationship; (2) breach of a duty by the attorney; (3) damage to the client; and (4) proximate causation of the client's damages by the breach." McNair v. Rainsford, 499 S.E.2d 488, 493-94 (S.C. Ct. App. 1998).

First, Killough argues that determining the applicable standard of care will require interpretation of the PTO Code of Professional Responsibility and the Code of Federal Regulations (CFR), which renders Weil's claim dependent on federal law. Def.'s Resp. 7. Killough cites Carter v. ALK Holdings, Inc., 605 F.3d 1319 (Fed. Cir. 2010), in which the Federal Circuit found that federal patent jurisdiction existed because determination of an attorney's compliance with federal rules governing the conduct of patent attorneys was an issue necessarily raised by the plaintiff's malpractice claim. Id. at 1324. The court is persuaded that similarly here, Weil's legal malpractice claim necessarily raises issues of proper conduct before the PTO, and the "standards for practice before the PTO are governed by federal law." Id.[2]

---

[2] In some respects, Carter is distinguishable from the present case, in that the plaintiff in Carter specifically alleged in his complaint that his attorney breached fiduciary duties owed under the CFR and Manual of Patent Examination Procedure (MPEP). See id. at 1322. In addition, the question on appeal in Carter was whether the district court erred in finding that several of the plaintiff's claims were frivolous and warranting sanctions. Nonetheless, the court was required to decide whether the plaintiff's claim for legal malpractice presented a

The CFR sets forth standards for practice before the PTO.  See, e.g., 37 C.F.R. § 10.77(c) (providing that a patent practitioner shall not "[n]eglect a legal matter entrusted to the practitioner"); see generally Bryne v. Wood, Herron & Evans, LLP, 676 F.3d 1024, 1026 (Fed. Cir. 2012) (Dyk, J., concurring in denial of petition for rehearing en banc) ("Patent-related malpractice claims necessarily involve attorney conduct before the . . . PTO . . . and there is a substantial federal interest in ensuring that federal patent law questions are correctly and uniformly resolved in determining the standards for attorney conduct in these proceedings, even when the patent law issue is case-specific.").  Moreover, in alleging that Killough breached a duty, Weil claims that Killough was responsible for notifying him of the 7.5 year maintenance fee.  Determination of this claim requires interpretation of federal regulations.  See Compl. ¶ 33 (stating that Killough had a duty to "timely notify[] Plaintiff of all correspondence from the USPTO regarding Plaintiff's patent"); id. ¶ 34 ("Defendant breached his duty to Plaintiff by failing to notify Plaintiff of the patent's seven and one half year maintenance fee deadline."); but see MPEP § 2575 (8th ed. Rev. 8, July 2010) ("It is the responsibility of the patentee to ensure that the maintenance fees are paid to prevent expiration of the patent.").  For these reasons, the court finds that § 1338 confers jurisdiction over Weil's state law cause of action.[3]

---

substantial question of federal patent law, and in doing so, the court generally held that "the determination of [the attorney's] compliance with the MPEP and the CFR is a necessary element of [the plaintiff's] malpractice cause of action because the CFR and MPEP establish [the attorney's] expected fiduciary duties to his clients."  Id. at 1325.

[3] The court is conscious of the Federal Circuit's unsteady position as to whether § 1338 confers jurisdiction over state law claims.  See, e.g., Bryne v. Wood, Herron & Evans, LLP, 450 Fed. App'x 956, 961 (Fed. Cir. 2011) (noting that "it is only the 'special and small category' or 'slim category' of cases in which a state law cause of action will trigger federal jurisdiction" (quoting Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699,

Second, Killough argues that Weil's allegations regarding the failure to notify Weil of the 7.5 year maintenance fee and subsequent failure to pay the fee present substantial questions of federal law. The United States District Court for the Eastern District of Wisconsin recently ruled that in a legal malpractice action based on the failure to pay a 7.5 year maintenance fee, "proof of patent infringement is necessary to determine the causation and damages elements of the legal malpractice alleged." GemEx Sys. Inc. v. Andrus Sceales Starke & Swall LLP, No. 11-0148, 2012 WL 686236, at *2 (E.D. Wis. Mar. 2, 2012). The Ohio Court of Appeals reached a similar conclusion. See TattleTale Portable Alarm Sys., Inc. v. Calfee, Halter & Griswold, LLP, No. 08-693, 2009 WL 790314, at *4 (Ohio Ct. App. Mar. 26, 2009) (holding, in a legal malpractice action involving the failure to notify the plaintiff of a maintenance fee deadline, that "a case involving the failure of a patent owner to pay maintenance fees falls within exclusive federal jurisdiction"). Here, the court agrees that determination of whether Killough is responsible for the lapse of the patent based on the failure to pay the 7.5 year maintenance fee requires interpretation of federal patent law.[4]

---

701 (2006)); Bryne, 676 F.3d at 1027 (O'Malley, J., dissenting from denial of petition for rehearing en banc) ("It is time we stop exercising jurisdiction over state law malpractice claims."). That said, the Federal Circuit has exclusive jurisdiction over appeals from cases that are based "in whole or in part" on jurisdiction under § 1338. See 28 U.S.C. § 1295(a)(1). Because courts in this Circuit have held that the "opinions of the Federal Circuit are binding on federal district courts in matters concerning patent law," Hill Phoenix, Inc. v. Systematic Refrigeration, Inc., 117 F. Supp. 2d 508, 511 n.3 (E.D. Va. 2000) (citing Panduit Corp. v. All States Plastic Mfg. Co., 744 F.2d 1564, 1573 (Fed. Cir. 1984)), the court must apply the law of the Federal Circuit as it presently stands.

[4] To the court's knowledge, the district court's decision in Warrior Sports, Inc. v. Dickinson Wright, P.L.L.C., 632 F. Supp. 2d 694 (E.D. Mich. 2009), was the first decision to hold that a claim for legal malpractice involving the failure to pay maintenance fees does *not* implicate substantial issues of federal patent law. See id. at 699 ("Warrior's claim is simply that Defendants failed to timely file maintenance fees . . . . Th[is], and the sundry other breaches

In a similar vein, Killough points out that to prove causation and damages, Weil will be required to show that the scope of his patent, had it remained valid, would have been broad enough to allow for a successful action against infringers. Def.'s Resp. 3-4.  In his complaint, Weil seeks to recover "money lost due to failed business transactions" and "[l]osses Plaintiff may suffer in the event other individuals and/or companies use and make a profit from his grill design."  State Ct. Compl. ¶¶ 38-39.  The Federal Circuit has held that the issue of patent claim scope generally presents a substantial question of federal patent law.  Immunocept, LLC v. Fulbright & Jaworski, LLP, 504 F.3d 1281, 1285 (Fed. Cir. 2007).

For these reasons, the court finds that Weil's state law cause of action necessarily presents disputed and substantial questions of federal law.[5]  Therefore, this court has jurisdiction over the complaint.

**B.  Motion to Dismiss**

Because Weil's claim arises under patent law, the court must now address Killough's motion to dismiss.  Killough moves to dismiss the complaint because when Weil filed his complaint in state court, he failed to attach an expert affidavit to the complaint as required by South Carolina Code Annotated § 15-36-100.

---

allegedly committed, seem readily addressed without reference to actual substantive and disputed questions of patent law.").  However, this decision was reversed by the Federal Circuit.  Warrior Sports, 631 F.3d at 1372.  Knowing that history tends to repeat itself, this court would prefer not to be the second court to so hold.  Still, the court notes that a tide of lower courts have held that state law claims for legal malpractice that only tangentially implicate federal patent law do not confer jurisdiction on the federal court.  See, e.g., Genelink Biosciences, Inc. v. Colby, 722 F. Supp. 2d 592 (D.N.J. 2010); Roof Technical Servs., Inc. v. Hill, 679 F. Supp. 2d 749 (N.D. Tex. 2010); Adamasu v. Gifford, Krass, Groh, Sprinkle, Anderson & Citkowski, P.C., 409 F. Supp. 2d 788 (E.D. Mich. 2005); New Tek Mfg., Inc. v. Beehner, 702 N.W.2d 336 (Neb. 2005).

[5] Although Killough makes other contentions as to why federal jurisdiction is satisfied, the court finds these additional arguments unpersuasive.

> South Carolina Code Annotated § 15-36-100(B) provides,
>
> [I]n an action for damages alleging professional negligence against a professional licensed by or registered with the State of South Carolina and listed in subsection (G) [which includes attorneys at law], the plaintiff must file as part of the complaint an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit.

Weil did not file an affidavit contemporaneously with the filing of his complaint. Accordingly, Killough's motion to dismiss should be granted unless an exception to § 15-36-100(B) applies.  See § 15-36-100(C)(1) (providing that failure to contemporaneously submit a report subjects the complaint to dismissal).

> South Carolina Code Annotated § 15-36-100(C)(2) provides that the
>
> contemporaneous filing requirement of subsection (B) is not required to support a pleaded specification of negligence involving subject matter that lies within the ambit of common knowledge and experience, so that no special learning is needed to evaluate the conduct of the defendant.

"[G]enerally, a plaintiff in a legal malpractice action must establish [the] standard of care by expert testimony."  Harris Teeter, Inc. v. Moore & Van Allen, PLLC, 701 S.E.2d 742, 745 (S.C. 2010).  As discussed above, this case involves substantial issues of federal patent law, an area that is outside of the common knowledge of many attorneys, let alone laypersons.  Therefore, the common knowledge exception does not apply, and Weil's complaint is subject to dismissal.

### III.   CONCLUSION

Based on the foregoing, the court **DENIES** plaintiff's motion to remand and **GRANTS** defendant's motion to dismiss without prejudice.[6]

**AND IT IS SO ORDERED**.

                                  **DAVID C. NORTON**
                                  **UNITED STATES DISTRICT JUDGE**

**August 8, 2012**
**Charleston, South Carolina**

---

[6] The court grants defendant's motion without prejudice to allow Weil to refile his complaint with the necessary attachment in state or federal court.